**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESOTO CAB COMPANY, INC., DBA Flywheel Taxi, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MICHAEL PICKER, In his official capacity as Commissioner of the Public Utilities Commission of the State of California; CARLA PETERMAN, In her official capacity as Commissioner of the Public Utilities Commission of the State of California; LIANE RANDOLPH, In her official capacity as Commissioner of the Public Utilities Commission of the State of California; MARTHA GUZMAN ACEVES, In her official capacity as Commissioner of the Public Utilities Commission of the State of California; CLIFFORD RECHTSCHAFFEN, In his official capacity as Commissioner of the Public Utilities Commission of the State of California, <br><br> Defendants-Appellees. | No. 17-15261 <br><br> D.C. No. 3:15-cv-04375-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 12, 2018
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and JACK,[**] District Judge.

Desoto Cab Company, d/b/a Flywheel Taxi ("Flywheel") appeals judgment on the pleadings dismissing its 42 U.S.C. § 1983 equal protection claim against the Commissioners of the California Public Utilities Commission ("CPUC"), and denying its motion to amend the complaint as futile.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Although the district court dismissed the case without deciding whether Flywheel has Article III standing, we may affirm on any ground supported by the record.  *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1263 (9th Cir. 1999).  We conclude that Flywheel lacks standing to seek a declaratory judgment regarding the CPUC's exercise of jurisdiction over Transportation Network Companies ("TNCs").

After the CPUC exercised jurisdiction over TNCs in its September 2013 Decision, but before Flywheel brought this action, the California Legislature amended the Passenger Charter-Party Carriers' Act to include an article specific to TNCs.  Cal. Pub. Util. Code §§ 5430–43.  The amendments recognized that the

---

[**]    The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

CPUC "has initiated regulation of [TNCs] as a new category of charter-party carriers and continues to develop appropriate regulations for this new service." *Id.* § 5440(a). The Legislature declared that it "does not intend . . . to prohibit the [CPUC] from exercising its rulemaking authority" and "inten[ds] . . . to continue ongoing oversight of the [CPUC]'s regulation of these services in order to enact legislation to adjust commission authority[.]" *Id.* §§ 5440(b), 5441.

These statutory amendments, which took effect in January 2015, ratified the CPUC's September 2013 Decision. *See Yeoman v. Dep't of Motor Vehicles*, 78 Cal. Rptr. 251, 258–60 (Cal. Ct. App. 1969); *S. Cal. Edison Co. v. Pub. Utils. Comm'n*, 173 Cal. Rptr. 3d 120, 134–35 (Cal. Ct. App. 2014), *as modified* (June 18, 2014). "From that time forward the [CPUC's Decision] must be considered as valid and binding." *Yeoman*, 78 Cal. Rptr. at 260. Flywheel does not challenge the constitutionality of this legislation, under which the CPUC would no doubt continue regulating TNCs even if we were to vacate the initial September 2013 Decision. To enjoin the CPUC from regulating TNCs, we would have to treat the legislation as unconstitutional. But Flywheel has expressly waived any challenge to the constitutionality of the statute, so we cannot grant relief on that basis.

Flywheel argues it can nonetheless establish redressability because the declaratory judgment it seeks in this action—filed September 2015—could support a damages judgment in a related, but separate unfair competition lawsuit that

3

Flywheel filed against Uber in November 2016. Flywheel contends that, even if the Legislature ratified the CPUC's Decision, the regulatory scheme was unconstitutional for the 15-month period during which the CPUC regulated TNCs without legislative approval.

But standing is assessed based on the facts that existed when the lawsuit was filed. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992)). "The party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing." *Wilbur v. Locke,* 423 F.3d 1101, 1107 (9th Cir. 2005) (citation omitted), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). Flywheel may not retroactively manufacture standing by leveraging a different lawsuit it filed over a year after filing the present one. *See W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 483 n.6 (9th Cir. 2011). Flywheel's latest lawsuit against Uber is irrelevant to our standing inquiry.

Flywheel has therefore failed to "show that there would be a change in a legal status as a consequence of a favorable decision and that a practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." *Novak v. United States*, 795 F.3d 1012, 1019–20 (9th Cir. 2015)

4

(quotations omitted). In short, the alleged harm is not redressable. Because Flywheel lacked standing in September 2015 to assert its equal protection claim regarding the CPUC's 2013 Decision, neither we nor the district court have subject matter jurisdiction over the action. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).[1]

Costs are awarded to the Appellee. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

---

[1] Because we conclude Flywheel lacks standing, we need not address the CPUC's motion to strike portions of Flywheel's reply brief.